OPINION
On November 16, 2000, defendant-appellant, Naomi Brand, entered a plea of no contest to the charge of criminal damaging, a second-degree misdemeanor in violation of R.C. 2909.06(A)(1), and the Tiffin Municipal Court, Seneca County, found defendant guilty. Thereafter, the trial court sentenced defendant to thirty days in jail, a $10 fine, and court costs. The court then suspended twenty-nine days and defendant was placed on one year of probation. As a condition of her probation, she was ordered to make restitution.
The record reveals that the trial court conducted evidentiary hearings on the amount of restitution on November 28, 2000, December 14, 2000 and December 26, 2000. In a journal entry dated December 26, 2000, the trial court ordered defendant to pay restitution in the amount of $100 to the victim, Lucy Clinger, and $1,001.80 to her insurance company, The Cincinnati Insurance Company.
On appeal, defendant raises the following three assignments of error:
 First assignment of error: The trial court abused its discretion, and thereby reversibly erred, upon ordering a sentence of restitution for misdemeanor criminal damaging in excess of the amount of the sum certain monetary damages contained in the criminal damaging complaint, to which the defendant-appellant had entered a plea of no contest.
 Second Assignment of Error: The trial court abused its discretion, and thereby reversibly erred, upon ordering a sentence of restitution which included the rental car expense of the victim, which was covered by the victim's insurance company, and which was incurred for reason that the victim claimed to need the rental vehicle to travel to and from her workplace, while her criminally damaged vehicle was being repaired. Such rental vehicle expense is not a valid item for restitution, under R.C. 2929.21(E).
 Third Assignment of Error: The trial court abused its discretion, and thereby reversibly erred, upon ordering a sentence of restitution that was not supported by sufficient evidence in the record to permit the court to ascertain the amount of restitution ordered to a reasonable degree of certainty.
 In her first assignment of error, defendant argues that the trial court violated R.C. 2929.21(E) by ordering her to pay restitution in an amount in excess of the damages contained in the complaint. In addition, defendant argues that she can be ordered to pay no more in restitution than the $822.14 amount stated in the complaint and to which she pled no contest.
R.C. 2929.21(E) allows a trial court to "require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by the offense *** that the person committed." A plain reading of the statute reveals that the only limitation imposed is that the amount of the restitution order cannot exceed the amount of actual damages caused by the offense.
Herein, the record of the plea hearing reveals that defendant disputed the amount of damage alleged in the complaint. As a result, defendant's counsel requested an evidentiary hearing on the question of the amount of restitution for the damage to the victim's van. Evidentiary hearings were then conducted on that question. Upon review of the record, we find no error in imposing a $1,101.80 restitution order upon defendant inasmuch as the evidence demonstrated and supported a finding of actual damages in the amount of $1,101.80. Consequently, the first assignment of error is overruled.
In her second assignment of error, defendant argues that the trial court exceeded its statutory authority by requiring her to pay $340 for the victim's use of a rental car as part of the restitution order because such expenses do not constitute property damage caused by her offense. However, after reviewing the record, we note that the testimony given by Rick Feasel, who operated Feasel's Frame Collision, was that the estimated repair work to the victim's van was $1,001.80. We further find that the testimony given by the victim indicates that the rental expense was an additional amount of money paid by the insurance company. For all of the above, the victim had paid a $100 deductible, herein the final restitution figure of $1,101.80. Accordingly, upon review of the evidence presented, we do not find that the restitution order entered by the trial court included restitution for rental car expenses. Defendant's second assignment of error is without merit.
In her third assignment of error, defendant argues that the amount of the trial court's restitution order is not supported by sufficient evidence and that, based upon the evidence in the record, the amount of actual damages was the bill of $429.33 for repairing the vehicle's door only.
At the evidentiary hearings to determine the proper amount of restitution, the victim indicated that the damages relating to restitution were the key writing on the van door and a scratch all the way around the van. The victim admitted, however, that she had not actually witnessed the incident, but that the conduct was related to her by a witness who observed defendant, Dan Brickner and Sandy Brickner standing around the van, with Dan at the hood and Sandy on the passenger's side of the van. While the damage to the door itself had apparently already been repaired and was no longer at issue, the estimate in the amount of $1,001.80 (plus $100 deductible) was for the remaining repair because of a scratch to the van's hood and whole right side.
Defendant testified that while she wrote on the side of the van, she did not scratch all the way around the van. Sandy Brickner's testimony corroborated what defendant stated. The estimate of repair for the door only was $429.33.
In light of all the evidence, coupled with the lack of evidence that anyone else committed the rest of the scratching on the van, this court cannot say that the trial court's restitution order was not supported by sufficient evidence. In particular, this court will not invade the province of the trial court to determine the credibility of the witnesses. See State v. DeHass (1967), 10 Ohio St.2d 230. Defendant's third assignment of error is overruled.
The judgment of the trial court is affirmed.
BRYANT and HADLEY, JJ., concur.